IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Civil Action No. _____ )

RECEIVED
JUN 1 8 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**HEATHER NEISEN**, Plaintiff

v. **RUTHERFORD COUNTY COURT SYSTEM; CHANCELLOR J.B. COX, in his individual and official capacity; ALLISON RENFRO, in her individual and official capacity,** Defendants.

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Plaintiff, Heather Neisen, who brings this civil rights and disability access complaint for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and the Fourteenth Amendment to the United States Constitution.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) as this action involves federal questions under the United States Constitution and laws of the United States.

2. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in Rutherford County, Tennessee, within the Middle District of Tennessee.

### II. PARTIES

4. Plaintiff Heather Neisen is a resident of Rutherford County, Tennessee. She is a qualified individual with a disability as defined under the Americans with Disabilities Act and has requested reasonable accommodations in court proceedings as early as 2023.

5. Defendant Rutherford County Court System is a public entity subject to Title II of the Americans with Disabilities Act.

6. Defendant Chancellor J.B. Cox is a sitting Chancellor in the Rutherford County Chancery Court. He is sued in both his individual and official capacities.

7. Defendant Allison Renfro is an attorney actively litigating against Plaintiff in the underlying family law matter and a separate civil suit (25CV-1105). She is sued in her

individual and official capacity pursuant to her role as an officer of the court and as a state actor under ADA Rule 3.

## III. FACTUAL ALLEGATIONS

8. For over 4 years, Plaintiff has been subjected to harassment, procedural manipulation, and abuse of process by her ex-husband Matthew Rohmfeld and his counsel, Defendant Allison Renfro.

9. Plaintiff has documented and reported repeated instances of custodial interference, contempt violations, and communication abuse in case number 18CV-1946.

10. Defendant Chancellor J.B. Cox has failed to address or acknowledge any of the more than a year's worth of litigation abuse and custodial misconduct, instead prioritizing a retaliatory and frivolous criminal contempt motion against Plaintiff.

11. After Plaintiff began requesting reasonable accommodations under the ADA — including remote appearance, trauma-informed hearings, and priority docketing for child safety-related motions — the Court and Defendants refused to act on those motions.

12. The court dismissed Plaintiff's criminal contempt petition against her ex-husband under the false pretense, stating that Mrs. Neisen failed to provide proof, which is not true. Chancellor Cox also refused to hear emergency filings regarding the best interest and immediate safety of her minor children, in violation of state and federal law.

13. These denials occurred despite multiple filings, including Plaintiff's Emergency Ex Parte Petition dated June 10, 2025, and Amended Emergency Petition filed June 12, 2025, as well as a proposed order establishing clear statutory and constitutional grounds for emergency relief, citing T.C.A. §§ 36-6-219, 29-15-101, 39-13-306, 29-9-102, and the Fourteenth Amendment. These petitions documented felony custodial interference, reckless endangerment, ongoing exposure to a restrained party, 504 education violations, and psychological harm to the children.

14. The proposed order, which was denied without a hearing, sought immediate return of the children and temporary custody protections to prevent further irreparable harm.

15. Meanwhile, Defendant Renfro has been permitted to file and argue retaliatory actions while simultaneously serving as opposing counsel in this matter and as an adversary in a separate ongoing civil litigation (25CV-1105) against Plaintiff. She also has direct connections to Plaintiff's former counsel, creating a clear and unresolved conflict of interest.

16. These actions have caused substantial emotional and economic harm to Plaintiff and have endangered the well-being of her children.

17. Plaintiff has been denied her right to access the court system free from discrimination, retaliation, and obstruction as required by the ADA and the Fourteenth Amendment.

18. All Defendants have been made aware of federal violations involving one of the minor children, including failure to acknowledge or disclose ongoing violations of the child's rights under Section 504 of the Rehabilitation Act relating to education. These violations have compounded the systemic harm already inflicted upon the Plaintiff and her children.

19. The above-referenced filings, including the June 10 and June 12, 2025 emergency petitions and the court's denial of Plaintiff's proposed emergency order, are attached hereto and incorporated by reference as **Exhibits A, B, C, and D.**

*[Handwritten annotation: Ex A: Denied Emergency Order; Ex B: Falsified Order; Ex C: School docs/504; Ex D: ADA violations (court); Ex pante Petition]*

## IV. CLAIMS FOR RELIEF

### Count I: Violation of Title II of the ADA

20. Plaintiff is a qualified individual with a disability as defined under 42 U.S.C. § 12131.

21. Defendants are public entities and state actors required to comply with Title II of the ADA.

22. Defendants failed and refused to provide reasonable accommodations after repeated oral and written requests.

23. As a direct and proximate result of Defendants' conduct, Plaintiff has been denied meaningful access to the courts.

24. The cloak of judicial immunity does not apply where judges and officers of the court act in an administrative capacity, violate the ADA, or willfully ignore constitutional mandates. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

### Count II: Violation of 42 U.S.C. § 1983 – Fourteenth Amendment (Due Process and Equal Protection)

25. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the United States Constitution, including the right to due process and equal protection under the Fourteenth Amendment.

26. Defendants delayed or denied emergency custody relief, dismissed Plaintiff's legitimate filings, and prioritized retaliatory litigation without any lawful basis.

27. Plaintiff was treated unequally and denied procedural fairness based on her status as a protective mother, a pro se litigant, and a disabled individual.

28. Plaintiff was subjected to retaliation after asserting her ADA rights.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following:

A. A declaratory judgment that Defendants violated Plaintiff's rights under Title II of the ADA and the Fourteenth Amendment;

B. A preliminary and permanent injunction requiring Defendants to provide ADA-compliant accommodations, halt all retaliatory litigation, and immediately hear Plaintiff's emergency custody-related motions within no more than five (5) calendar days of the Court's order, to prevent further harm and ensure compliance with federal protections;

C. An order transferring the underlying family law matter to another venue, with preference to Davidson County, Williamson County, or Wilson County Domestic Violence/Juvenile Court;

D. Compensatory and emotional distress damages in the amount of **$15,000,000.00**;

E. Costs, litigation expenses, and any other relief deemed just and proper by this Court.

Respectfully submitted,

Heather Neisen
Plaintiff
3319 Edmondson Ct.
Murfreesboro, TN 37129

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Heather Neisen, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: 17th of June 2025

Heather Neisen